IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| RIAZ HOSSAIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:25-cv-1841 (LMB/LRV) |
| | ) | |
| TODD LYONS, et al., | ) | |
| | ) | |
| Respondents. | ) | |

ORDER

Petitioner Riaz Hossain ("Hossain" or "petitioner"), a native and citizen of Bangladesh,

has filed a three-count Amended Petition for Writ of Habeas Corpus ("Amended Petition") under

28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department

of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") agency since

August 6, 2025. Specifically, Hossain alleges that his characterization by DHS as an "applicant

for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory detention under

8 U.S.C. § 1225(b)(1)(b)(ii), violates the Immigration and Nationality Act (Count I), the

implementing bond regulations at 8 C.F.R. §§ 236.1, 1236.1, and 1003.19 (Count II), and his due

process rights (Count III). Although the Court initially denied habeas relief in November 2025,

finding that Hossain's petition was moot because he had already received a bond hearing before

an Immigration Judge, the Amended Petition alleges that material changed circumstances entitle

him to a new bond hearing.

Hossain is currently detained at the Farmville Detention Center. He has sued Todd

Lyons, the Acting Director of ICE; Russell Hott, the Director of the Washington Field Office of

ICE's Enforcement and Removal Operations division; Kristi Noem, the DHS Secretary; the

Department of Homeland Security; and Pamela Bondi, the Attorney General (collectively, "the federal respondents"). For the reasons discussed in this Order, the Court finds that Hossain is detained pursuant to 8 U.S.C. § 1226(a), and that "the [petitioner's] circumstances have materially changed since the prior bond determination." 8 C.F.R. § 1003.19(e). Accordingly, his Amended Petition will be granted as to Count III, and the federal respondents will be ordered to release him from custody under the same conditions previously imposed by an Immigration Judge when Hossain was released on a $5,000.00 bond on December 4, 2018.[1]

I.

The following uncontested facts are taken from Hossain's initial Petition for Writ of Habeas Corpus. Hossain has resided in the United States since September 2018, lives in Washington, D.C., "own[s] and manage[s] multiple convenience stores" in the D.C. area, pays taxes, has "valid work authorization until 2027" and "does not have a criminal record that makes him mandatorily detained[.]" [Dkt. No. 1] at 11-12; see also [Dkt. No. 3] at 1.

On September 17, 2018, Hossain entered the United States from Mexico by swimming across the Rio Grande River. [Dkt. No. 6-1] at 2. He was encountered by U.S. Customs and Border Protection ("CBP") officers, who confirmed that Hossain was "arriving into the United States without being admitted or paroled" and processed him for expedited removal pursuant to 8 U.S.C. § 1225(b)(1)(A). Id. Before Hossain could be removed, he expressed a fear of returning to Bangladesh and was referred to U.S. Citizenship and Immigration Services ("USCIS") for a

---

[1] Because the Court is granting relief on due process grounds, it need not address Hossain's argument based on the Immigration and Nationality Act. Additionally, Hossain does not have a cognizable claim for attorney's fees under the Equal Access to Justice Act ("EAJA") because a habeas proceeding is not a "civil action" under the EAJA. Obando-Segura v. Garland, 999 F.3d 190, 195 (4th Cir. 2021); accord Luna Quispe v. Crawford, 1:25-cv-1471-AJT-LRV, Dkt. No. 17 at 6 (E.D. Va. Sept. 29, 2025).

2

credible fear interview pursuant to 8 U.S.C. § 1225(b)(1)(A)(ii). Id. After an asylum officer concluded that Hossain had a credible fear of returning to Bangladesh, Hossain was placed in standard removal proceedings pursuant to 8 U.S.C. § 1225(b)(1)(B). Id. at 3. On December 4, 2018, an Immigration Judge ordered petitioner released on a $5,000 bond. Id. On January 28, 2021, Hossain filed a Form I-589, Application for Asylum and for Withholding of Removal with the Immigration Court. Id. That application was still pending in 2025.

On August 5, 2025,[2] Hossain was detained by ICE following his release from local custody after being charged with three misdemeanor charges for: (1) distribution of cannabis, (2) possession of psilocybin, and (3) possession with intent to distribute cannabis, all in violation of the D.C. Code. Id.; see also [Dkt. No. 17] at 1. On September 4, 2025, Hossain and his counsel appeared before the Annandale Immigration Court, which set October 3, 2025 for a final merits hearing on Hossain's pending asylum application for relief. [Dkt. No. 6-1] at 3. Separately, at Hossain's request, the Immigration Judge held a bond hearing on September 25, 2025, and denied bond for lack of jurisdiction under Matter of M-S-, 27 I. & N. Dec. 509 (A.G. 2019) and 8 U.S.C. § 1225(b)(1)(B)(iii)(IV), and, in the alternative, found that Hossain was a flight risk and danger to the community. Id. at 4; see also [Dkt. No. 6-2, Order of the Immigration Judge on September 25, 2025]. On October 3, 2025, at Hossain's final merits hearing, the Immigration Judge denied all relief and ordered Hossain removed. [Dkt. No. 6-1] at 4. Hossain's appeal of that decision is pending. See [Dkt. No. 25] at 10.

_____

[2] The federal respondents, in their Opposition to the Petition for a Writ of Habeas Corpus, allege that Hossain was detained by ICE on August 5, 2025, as compared to Hossain's allegations that he was detained by ICE on August 6, 2025.

Hossain filed his initial Petition for Writ of Habeas Corpus ("Petition") on October 22, 2025. [Dkt. No. 1]. This Court subsequently entered an Order requiring that Hossain not "be removed or transferred from this district for any reason without this Court's permission." [Dkt. No. 2]. The federal respondents filed an opposition.  [Dkt. No. 6].  On November 20, 2025, the Court denied Hossain's Petition as moot because he had "already received the only relief he can obtain from this Court: a bond hearing before an Immigration Judge, who must determine whether he poses a danger to the community, and whether he is a flight risk." [Dkt. No. 21] at 5. On January 7, 2026, Hossain filed his Amended Petition, arguing that because all the misdemeanor charges have been nolle prossed, "circumstances have now materially changed" that entitle him to a new bond hearing. [Dkt. No. 22] at 2. The federal respondents have filed an opposition, arguing that Hossain is not entitled to a new bond hearing because he "is an applicant for admission subject to mandatory detention under 8 U.S.C. § 1225(b)(1)—not § 1225(b)(2)— pending his removal from the United States." [Dkt. No. 24] at 2. Finding that oral argument will not aid the decisional process, the Petition will be resolved on the papers submitted.

## II.

## A.

The federal respondents first contend that this Court lacks jurisdiction to review Hossain's Amended Petition. Id. at 11-12. "Under 28 U.S.C. § 2241(c)(3), a district court may grant a writ of habeas corpus to any person who demonstrates that he is 'in custody in violation of the Constitution or laws or treaties of the United States.'" Luna Sanchez v. Bondi, 2025 WL 3191922, at *2 (E.D. Va. Nov. 14, 2025). "The writ of habeas corpus has traditionally 'served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest.'" Id. (quoting I.N.S. v. St. Cyr., 533 U.S. 289, 301 (2001)). As

4

this Court has repeatedly observed, habeas is "regularly invoked on behalf of noncitizens."

Hasan v. Crawford, 2025 WL 2682255, at *3 (E.D. Va. Sept. 19, 2025).

The federal respondents argue that 8 U.S.C. § 1252(a)(2)(A)(iv) strips this Court of

jurisdiction to consider petitioner's claims. [Dkt. No. 24 at 11.] Section 1252(a)(2)(A)(iv)

provides that:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to review . . . procedures and policies adopted by the Attorney General to implement the provisions of section 1225(b)(1) of this title.

The federal respondents also assert that Hossain is precluded from receiving bond because of the

Attorney General's decision in Matter of M-S-, 27 I. & N. Dec. 509 (BIA 2019), concluding that

individuals initially detained under § 1225(b)(1) who establish credible fear are not entitled to

release on bond, and that Matter of M-S- is a policy or interpretation which § 1252(a)(2)(A)(iv)

bars from this Court's review. [Dkt. No. 24] at 11-12. Lastly, the federal respondents argue that

Hossain can seek review of his claims only in the United States District Court for the District of

Columbia, noting that the Immigration and Nationality Act allows for limited judicial review of

certain claims before that court. Id. at 12. Such review is limited to:

> (i) whether such section, or any regulation issued to implement such section, is constitutional; or (ii) whether such a regulation, or a written policy directive, written policy guideline, or written procedure issued by or under the authority of the Attorney General to implement such section, is not consistent with applicable provisions of this subchapter or is otherwise in violation of law.

Id. (citing 8 U.S.C. § 1252(e)(3)(A)).

But as another court in this division has held, "the Supreme Court has repeatedly

instructed" courts to "narrowly construe the jurisdiction-stripping language in the INA." Luna

Sanchez, 2025 WL 3191922, at *3. Because Hossain "does not challenge the procedures or

5

policies through which DHS implements expedited removal under 8 U.S.C. § 1225(b)(1)[,]" and instead challenges "whether he is subject to those policies in the first place and whether his continued detention, after an [Immigration Judge] ordered his release on bond, violates his right to due process[,]" §§ 1252(a)(2)(A)(iv) and (e)(3)(A) have no application to his Amended Petition.[3] Id.

B.

The central question posed in Hossain's Amended Petition is whether he is subject to mandatory detention under § 1225(b)(1)(B)(ii) or instead subject to discretionary detention and entitled to a bond hearing under § 1226(a). Hossain contends that his detention is governed by § 1226(a), as supported by his prior release on bond in 2016. [Dkt. No. 25] at 8. The federal respondents argue that because Hossain was initially detained under § 1225(b)(1)(B)(ii) in 2018, he continues to be subject to that provision's mandatory detention requirement until his asylum application is adjudicated, even if he was previously released on bond. [Dkt. No. 24] at 7-11.

The record in this case undermines the federal respondents' argument that § 1225(b)(1)(B)(ii) applies. After Hossain established a credible fear of persecution, DHS placed him in removal proceedings and then released him on bond pursuant to § 1226(a), see [Dkt. No. 6-1] at ¶¶ 9-10; see also Matter of X-K-, 23 I. & N. Dec. 731, 734–36 (BIA 2005) (concluding that Immigration Judges may exercise their "general custody authority" under § 1226(a) and release individuals on bond who are initially screened for expedited removal but subsequently establish a credible fear of persecution); overruled by Matter of M-S-, 27 I. & N. Dec. 509 (BIA

---

[3] This case is distinct from Romero v. Bondi, 2025 WL 2490659, at *3 (E.D. Va. July 2, 2025). In Romero, a court in this division determined that a Petitioner was detained pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii), and, therefore, the court lacked jurisdiction under 8 U.S.C. § 1252(a)(2)(A)(iv) to grant his release on bond. By contrast, here, the Court determines that Petitioner is detained pursuant to 8 U.S.C. § 1226(a). See infra.

6

2019). Despite the federal respondents' arguments to the contrary, numerous federal courts have made clear that "[p]etitioner's prior release on bond carries legal significance." <u>Luna Sanchez</u>, 2025 WL 3191922, at *4. "DHS's decision to release an individual on bond, as opposed to humanitarian parole under 8 U.S.C. § 1182(d)(5)(A), constitutes strong evidence that DHS intended to detain the individual under § 1226(a) and not under § 1225(b)." <u>Id.</u> (quoting <u>Quispe-Ardiles v. Noem</u>, 2025 WL 2783800, at *6 (E.D. Va. Sept. 30, 2025)); <u>see also</u> <u>Loja v. FCI Berlin, Warden</u>, 2025 WL 3079160, at *2 (D. N.H. Nov. 4, 2025) (finding that, when the government elects to release a person on bond under § 1226(a), rather than humanitarian parole under § 1182(d)(5)(A), the government cannot later 'turn back the clock, and neither can the Court'') (quoting <u>De Andrade v. Moniz</u>, 2025 WL 2841844, at *6 (D. Mass. Oct. 7, 2025)). Hossain's prior release on bond supports the conclusion that he is currently detained under § 1226(a).[4]

## C.

Hossain has received two bond hearings. As discussed above, on December 4, 2018, Hossain was granted bond in the amount of $5,000 from an Immigration Judge and was subsequently released from ICE detention upon fulfillment of the bond. [Dkt. No. 6-1] at 3. There is nothing in the record from 2018 onward that suggests that Hossain violated any terms or conditions of his release until he was arrested by local authorities on the misdemeanor drug charges in August 2025. <u>See</u> <u>id.</u> In light of these new charges, Hossain was detained and

---

[4] The federal respondents rely on <u>Romero v. Bondi</u> to argue that the apparently erroneous release of a petitioner on bond cannot change his legal status. [Dkt. No. 5] at 9-10 (citing 2025 WL 2490659, at *2 (E.D. Va. July 2, 2025)). But here, there is no indication that petitioner's prior release on bond was erroneous.

requested a new bond hearing, which was held on September 25, 2025. See [Dkt. No. 22] at 2. At that hearing, an Immigration Judge denied bond. See id.

Pursuant to 8 C.F.R. § 1003.19(e), if a petitioner is denied bond, he "may obtain a new bond hearing upon a showing that his 'circumstances have materially changed since the prior bond determination.'" Lopez Reyes v. Bonnar, 362 F. Supp. 3d 762, 772 (N.D. Cal. 2019) (quoting 8 C.F.R. § 1003.19(e)).[5] The Amended Petition alleges that Hossain's "misdemeanor charges were a key component of the [I]mmigration [J]udge's . . . decision to deny bond." [Dkt. No. 22] at 2. These charges, which appear to have been the only material change in Hossain's record since being released on bond in 2018, have since been dismissed, which means that the entire basis for the Immigration Judge's denial of bond no longer exists. Accordingly, the dismissal of those charges is a "critical piece of evidence of change" that would ordinarily entitle Hossain to a new bond hearing, Lopez Reyes, 362 F. Supp. 3d at 774; however, because Hossain already had a bond hearing in 2018 and was released on a $5,000 bond, the Court finds it appropriate to order him released on the conditions imposed in that bond order because the only event that triggered revocation of that bond order is now a nullity.

The federal respondents do not appear to dispute this change in circumstances, but argue that the Court should require Hossain to file a bond motion before the Immigration Court. [Dkt. No. 24] at 6-7. But as discussed above, the Immigration Judge's September 25, 2025, Order denying bond cited two grounds for denial: that the Immigration Judge lacked jurisdiction under

---

[5] Section 1003.19(e) states: "After an initial bond recommendation, an alien's request for a subsequent bond redetermination shall be made in writing and shall be considered only upon a showing that the alien's circumstances have changed materially since the prior bond redetermination." 8 C.F.R. § 1003.19(e) (emphasis added). The express language of the provision specifies that a change in the petitioner's circumstances, rather than the government's, allows for reconsideration of a bond determination hearing.

8

Matter of M-S- (a view of the law rejected by multiple courts on the basis that petitioners such as Hossain are detained pursuant to § 1226(a), and not § 1225, as the federal respondents assert; see, e.g., Hasan v. Crawford, 800 F. Supp. 3d 641 (E.D. Va. 2025); Maldonado v. Olson, 795 F. Supp. 3d 1134 (D. Minn. 2025); Romero v. Hyde, 795 F. Supp. 3d 271 (D. Mass. 2025)), and that Hossain was a "flight risk and danger to the community" because of his then-pending misdemeanor charges. [Dkt. No. 22-2]; see also [Dkt. No. 22] at 2. Requiring Hossain to file a bond motion before an Immigration Judge would therefore be a futile exercise because he already had a proper bond hearing in 2018 and nothing has changed in his circumstances.

Hossain has been present in the United States since 2018. [Dkt. No. 1] at 11. Because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," Jennings v. Rodriguez, 583 U.S. 281, 303 (2018), Hossain's detention is governed by § 1226(a). See Abreu v. Crawford, 2025 WL 51475, at *3 (E.D. Va. Jan. 8, 2025) ("There is a statutory distinction between noncitizens who are detained upon arrival into the United States and those who are detained after they have already entered the country, legally or otherwise."). Because an Immigration Judge has previously released Hossain on a $5,000 bond—thus determining that Hossain does not pose either a danger to the community or a flight risk—and because no material circumstances have changed to justify his detention, Hossain's continued detention is unlawful.

III.

For all the reasons stated above, Hossain's Amended Petition [Dkt. No. 22] is GRANTED, and it is hereby

ORDERED that Hossain be released from custody by 12:00pm on Wednesday, February 18, 2026, with all his personal property under the same conditions that were previously imposed

upon him by the bond that was issued by an Immigration Judge on December 4, 2018; and it is further

ORDERED that Hossain must live at a fixed address which he must provide to the federal respondents.[6]

The Clerk is directed to enter judgment in Hossain's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

Entered this 17 day of February, 2026.

Alexandria, Virginia

_____ /s/

Leonie M. Brinkema
United States District Judge

---

[6] If petitioner opts to file a pleading in this civil action notifying the federal respondents of his fixed address, petitioner should file that pleading under seal.